## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **ERIC KENNETH WYKLE,** )  |  |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:13-08119** |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

### M E M O R A N D U M   O P I N I O N

This is an action seeking review of the decision of the Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income (SSI), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This case is presently pending before the Court on the Parties' cross-Motions for Judgment on the Pleadings. (Document Nos.12 and 14.) Both parties have consented in writing to a decision by the United States Magistrate Judge. (Document Nos. 4 and 5.)

The Plaintiff, Eric Kenneth Wykle (hereinafter referred to as "Claimant"), filed an application for SSI on November 10, 2008 (protective filing date), alleging disability as of February 2, 2005, due to

> bipolar disorder, severe depression, social and general anxiety, personality disorder, mania with my bipolar disorder I have extreme highs and lows, my anxiety disorder also prevents me from functioning normally in nearly all settings, with my personality disorder I cannot communicate or get along with people. I have no ability to concentrate, my memory does not work for me but against me and I get angry and aggravated easily to where I cannot be around others. Bipolar disorder, personality disorder, social anxiety.

(Tr. at 11, 152-54, 213.) The claim was denied initially and upon reconsideration. (Tr. at 72-74, 80-82.) On December 8, 2009, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 83-84.) The hearing was held on June 15, 2012, before the Honorable Geraldine H. Page. (Tr.

at 33-60.) By decision dated March 5, 2012, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 11-23.) The ALJ's decision became the final decision of the Commissioner on February 26, 2013, when the Appeals Council denied Claimant's request for review. (Tr. at 1-6.) On April 16, 2013, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (Document No. 2.)

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2011). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether

the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2011). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since November 10, 2008, the application date. (Tr. at 13, Finding No. 1.) Under the second inquiry, the ALJ found that Claimant suffered from "depression and panic disorder," which were severe impairments. (Tr. at 13, Finding No. 2.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 13, Finding No. 3.) The ALJ then found that Claimant had a residual functional capacity to perform a full range of work at all exertional levels with the following nonexertional limitations::

> [H]e would require work that is limited to simple, routine, repetitive, unskilled work tasks and he would require work that involves no more than superficial interaction with coworkers and supervisors and no contact with the general public.

(Tr. at 17-18, Finding No. 4.) At step four, the ALJ found that Claimant had no past relevant work. (Tr. at 21, Finding No. 5.) On the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ concluded that Claimant could perform unskilled jobs such as a dishwasher, groundskeeper, and packer. (Tr. at 22-23, Finding No. 9.) On this basis, benefits were denied. (Tr. at 23, Finding No. 10.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying

the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting <u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." <u>Oppenheim v. Finch</u>, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

<u>Claimant's Background</u>

Claimant was born on January 5, 1973, and was 39 years old at the time of the administrative hearing, June 15, 2012. (Tr. at 11, 38, 152.) Claimant had at least a high school education and was able to communicate in English. (Tr. at 21, 38-39, 212, 220-21.). Claimant had past relevant work as a laborer in the construction industry. (Tr. at 21, 53, 214.)

<u>The Medical Record</u>

The Court has reviewed all the evidence of record, including the medical evidence, and will discuss it below in relation to Claimant's arguments.

<u>Claimant's Challenges to the Commissioner's Decision</u>

Claimant alleges that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in assessing Claimant's RFC because he failed to incorporate the moderate

4

limitations as assessed by Dr. Lewis and Dr Kuzniar, and find, according to the VE, that there were no jobs for an individual like Claimant. (Document No. 13 at 2.)

In response, the Commissioner asserts that the ALJ gave Dr. Kuzniar's opinion significant weight and reasonably incorporated his findings into the RFC assessment. (Document No. 14 at 14.) The Commissioner asserts however, that there is no merit to Claimant's allegation that the ALJ failed to incorporate the moderate limitations among some abilities in concentration and persistence, social interaction, and adaptation. (Id.) The Commissioner asserts that the ALJ was not required to mimic Dr. Kuzniar's exact words but that there was no inconsistency. (Id.) Regarding Dr. Lewis's opinion, the Commissioner asserts that the Appeals Council properly found that the subsequent records and materials were not material. (Id. at 15.) Dr. Lewis's Medical Source Statement was neither material nor related to the period on or before the date of the ALJ's decision. (Id.) The Commissioner contends that more than one year had passed after the ALJ's decision before Dr. Lewis completed his opinion. (Id. at 16.) Accordingly, the Commissioner asserts that the ALJ properly considered Dr. Lewis's records that were before her at the time of her decision and that the subsequent records neither are likely to change her decision nor relate to the relevant time period. (Id. at 18.)

Analysis.

1. Dr. Kuzniar.

Claimant first alleges that the ALJ failed to address Dr. Kuzniar's specific moderate limitations in her decision. (Document No. 13 at 2.) "RFC represents the most that an individual can do despite his or her limitations or restrictions." See Social Security Ruling 96-8p, 61 Fed. Reg. 34474, 34476 (1996). Pursuant to SSR 96-8p, the RFC assessment "must be based on all of the relevant evidence in the case record," including " the effects of treatment" and the "limitations or restrictions imposed by the mechanics of treatment; e.g., frequency of treatment, duration, disruption

5

to routine, side effects of medication." Looking at all the relevant evidence, the ALJ must consider the claimant's ability to meet the physical, mental, sensory and other demands of any job. 20 C.F.R. §§ 404.1545(a), 416.945(a) (2011). "This assessment of your remaining capacity for work is not a decision on whether you are disabled, but is used as the basis for determining the particular types of work you may be able to do despite your impairment(s)." Id. "In determining the claimant's residual functional capacity, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments." Ostronski v. Chater, 94 F.3d 413, 418 (8th Cir. 1996).

Opinions on a claimant's Residual Functional Capacity are issues that are reserved to the Commissioner. The Regulations state that:

> We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments in appendix 1 to subpart P of part 404 of this chapter, your residual functional capacity . . . or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.

See 20 C.F.R. § 416.927(e)(2) (2011).

> In determining what a claimant can do despite his limitations, the SSA must consider the entire record, including all relevant medical and nonmedical evidence, such as a claimant's own statement of what he or she is able or unable to do. That is, the SSA need not accept only physicians' opinions. In fact, if conflicting medical evidence is present, the SSA has the responsibility of resolving the conflict.

Diaz v. Chater, 55 F.3d 300, 306 (7th Cir. 1995) (citations omitted).

The Regulations state that opinions on these issues are not medical opinions as described in the Regulation dealing with opinion evidence (20 C.F.R. §§ 404.1527(a)(2) and 416.927(a)(2)); rather, they are opinions on issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e) and 416.927(e). For that reason, the Regulations make clear that "[w]e will not give any special

6

significance to the source of an opinion on issues reserved to the Commissioner. . . ." Id. §§ 404.1527(e)(3) and 416.927(e)(3). The Regulations further provide that "[f]or cases at the Administrative Law Judge hearing or Appeals Council level, the responsibility for deciding your residual functional capacity rests with the Administrative Law Judge or Appeals Council." See 20 C.F.R. §§ 404.1545 and 416.946 (2011). However, the adjudicator must still apply the applicable factors in 20 C.F.R. § 416.927(d) when evaluating the opinions of medical sources on issues reserved to the Commissioner. See Social Securing Ruling ("SSR") 96-5p, 61 FR 34471, 34473 (1996).

Social Security Ruling 96-5p makes a distinction between an RFC assessment, which is "the adjudicator's ultimate finding of 'what you can still do despite your limitations,'" and a "'medical source statement,' which is a 'statement about what you can still do despite your impairment(s)' made by an individual's medical source and based on that source's own medical findings." Id. SSR 96-5p states that "[a] medical source statement is evidence that is submitted to SSA by an individual's medical source reflecting the source's opinion based on his or her own knowledge, while an RFC assessment is the adjudicator's ultimate finding based on a consideration of this opinion and all the other evidence in the case record about what an individual can do despite his or her impairment(s)." Adjudicators "must weigh medical source statements under the rules set out in 20 C.F.R. § 416.927, providing appropriate explanations for accepting or rejecting such opinions." Id. at 34474.

Every medical opinion received by the ALJ must be considered in accordance with the factors set forth in 20 C.F.R. §§ 404.1527(d) and 416.927(d) (2011). These factors include: (1) length of the treatment relationship and frequency of evaluation, (2) nature and extent of the treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) various other factors. Additionally, the Regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." Id. §§

404.1527(d)(2) and 416.927(d)(2).

Under §§ 404.1527(d)(1) and 416.927(d)(1), more weight is given to an examiner than to a non-examiner. Sections 404.1527(d)(2) and 416.927(d)(2) provide that more weight will be given to treating sources than to examining sources (and, of course, than to non-examining sources). Sections 404.1527(d)(2)(I) and 416.927(d)(2)(I) state that the longer a treating source treats a claimant, the more weight the source's opinion will be given. Under §§ 404.1527(d)(2)(ii) and 416.927(d)(2)(ii), the more knowledge a treating source has about a claimant's impairment, the more weight will be given to the source's opinion. Sections 404.1527(d)(3), (4) and (5) and 416.927(d)(3), (4), and (5) add the factors of supportability (the more evidence, especially medical signs and laboratory findings, in support of an opinion, the more weight will be given), consistency (the more consistent an opinion is with the evidence as a whole, the more weight will be given), and specialization (more weight given to an opinion by a specialist about issues in his/her area of specialty). Unless the ALJ gives controlling weight to a treating source's opinion, the ALJ must explain in the decision the weight given to the opinions of state agency psychological consultants. 20 C.F.R. §§ 404.1527(f)(2)(ii) and 416.927(f)(2)(ii) (2011). The ALJ, however, is not bound by any findings made by state agency medical or psychological consultants and the ultimate determination of disability is reserved to the ALJ. Id. §§ 404.1527(f)(2)(I) and 416.927(f)(2)(I).

In evaluating the opinions of treating sources, the Commissioner generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2011). Nevertheless, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." Ward v. Chater, 924 F. Supp. 53,

55 (W.D. Va. 1996); see also, 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2011). The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2011). Ultimately, it is the responsibility of the Commissioner, not the court to review the case, make findings of fact, and resolve conflicts of evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). As noted above, however, the Court must not abdicate its duty to scrutinize the record as a whole to determine whether the Commissioner's conclusions are rational. Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

If the ALJ determines that a treating physician's opinion should not be afforded controlling weight, the ALJ must then analyze and weigh all the evidence of record, taking into account the factors listed in 20 C.F.R. §§ 404.1527 and 416.927(d)(2)-(6).

On December 21, 2009, Dr. Joseph Kuzniar, Ed.D., a state agency medical consultant, completed a form Psychiatric Review Technique, on which he opined that Claimant's affective and panic disorders resulted in moderate limitations of activities of daily living, social functioning, concentration, persistence, and pace, and no episodes of decompensation. (Tr. at 361-74.) He also completed a form Mental RFC Assessment on which he opined that Claimant was moderately limited in his ability to carry out detailed instructions, maintain attention and concentration for extended periods, work in coordination with or proximity to others without being distracted by them, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, respond appropriately to changes in the work setting, travel to unfamiliar places or use public transportation, set realistic goals or make plans independently of others, and complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. at 357-58.) Dr. Kuzniar opined that Claimant retained "the

capacity to carry out simple 1-3 step routine repetitive instructions within a very low social interaction demand work setting. The Claimant retains the capacity to manage a low pressured work setting with minimal decision making responsibilities." (Tr. at 359.)

In her decision, the ALJ gave significant weight to Dr. Kuzniar's opinions and incorporated his functional limitations into her RFC assessment. (Tr. at 17-18, 21.) Claimant contends however, that the ALJ should have incorporated Dr. Kuzniar's assessed moderate limitations, which depending on certain definitions, the VE testified would preclude work. (Tr. at 55-57.) The Court finds that the ALJ incorporated the substance of Dr. Kuzniar's opinion into her RFC assessment and was not required to incorporate every checked functional limitation. The substance of Dr. Kuzniar's opinion was contained on the third page of his RFC Assessment under Section "III. Functional Capacity Assessment" and not necessarily within the checked box functional categories. Accordingly, the Court finds that the ALJ properly considered Dr. Kuzniar's opinion, accounted for his limitations, and the VE testified that jobs were available that Claimant could perform.

2. Dr. Lewis.

Claimant also alleges that the ALJ failed to consider all of Dr. Lewis's records and that the additional records submitted to the Appeals Council constitutes new and material evidence requiring remand. (Document No. 13 at 2.)

The record contains treatment notes from Dr. John Lewis, D.O., who treated Claimant for complaints of anxiety and depression and other psychiatric issues beginning on April 19, 2011. (Tr. at 428-29.) Claimant reported fair energy on May 19, 2011. (Tr. at 426-27.)

Claimant submitted to the Appeals Council additional treatment records from Dr. Lewis dated April 19, 2011, through June 26, 2012, along with an opinion statement from Dr. Lewis. (Tr. at 430-53, 454-56, 457.) The additional treatment notes essentially are unremarkable and indicate that on

10

August 3, 2011, that Claimant felt depressed, reported poor concentration and an inability to focus to read, and a lack of desire to do anything. (Tr. at 442.) On August 31, 2011, the Claimant was feeling better overall. (Tr. at 440.) Claimant requested Xanax on October 17, 2011 (Tr. at 438.), and on January 23, 2012. (Tr. at 434.) He reported no major complaints on January 23, 2012. (Id.) On June 4, 2012, Claimant reported that he was tolerating his medications well and reported no side effects. (Tr. at 432.)

On July 25, 2012, Dr. Lewis completed a form Medical Source Statement of Ability to Do Work-Related Activities (Mental), on which he opined that Claimant was moderately limited in his ability to understand, remember, and carry out complex instructions; and interact appropriately with the public, supervisors, and coworkers. (Tr. at 454-56.) He assessed mild limitations in Claimant's ability to understand, remember, and carry out simple instructions; and make judgments on simple and complex work-related decisions. (Id.) Finally, he opined that Claimant was markedly limited in his ability to respond appropriately to usual work situations and to changes in a routine work setting. (Tr. at 455.) He opined that Claimant's limitations were present as of April 19, 2011. (Id.) In a letter to Claimant's attorney dated July 25, 2012, Dr. Lewis opined that Claimant was unable to work because he becomes anxious with authority, is unable to interact, becomes easily agitated and confused, and has agoraphobia. (Tr. at 457.)

Pursuant to 28 U.S.C. § 405(g), remand is warranted "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]"[1] The Fourth Circuit has stated that "[e]vidence is material

---

[1] Sentence six of 42 U.S.C. § 405(g) provides:

The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time

if there is a reasonable possibility that the new evidence would have changed the outcome." Wilkins v. Secretary, Dep't of Health & Human Serv., 953 F.2d 93, 96 (4th Cir. 1991)(*en banc*). The new evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). This does not mean that the evidence had to have existed during that period. Rather, evidence must be considered if it has any bearing upon whether the Claimant was disabled during the relevant period of time. See Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir. 1987); Cox v. Heckler, 770 F.2d 411, 413 (4th Cir. 1985); Leviner v. Richardson, 443 F.2d 1338, 1343 (4th Cir. 1971).

The Court finds that the additional evidence from Dr. Lewis dated after the ALJ's decision that Claimant submitted to the Appeals Council is neither material nor related to the period on or before the ALJ's decision. More than one year passed after the ALJ's decision before Dr. Lewis completed his opinion on July 25, 2012. At the time of the ALJ's decision, July 15, 2011, Dr. Lewis had examined Claimant only on three occasions. As the Commissioner points out, Dr. Lewis's opinion also contradicts his treatment notes, which essentially are benign. His treatment notes and the other substantial evidence of record, therefore, are inconsistent with his opinion. Accordingly, the Court finds no basis for remand on the additional evidence submitted to the Appeals Council.

After a careful consideration of the evidence of record, the Court finds that the Commissioner's decision is supported by substantial evidence. Accordingly, by Judgment Order

---

order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

entered this day, the Plaintiff's Motion for Judgment on the Pleadings (Document No. 12.) is **DENIED**, Defendant's Motion for Judgment on the Pleadings (Document No. 14.) is **GRANTED**, the final decision of the Commissioner is **AFFIRMED**, and this matter is **DISMISSED** from the docket of this Court.

.	The Clerk of this Court is directed to send a copy of this Memorandum Opinion to counsel of record.

ENTER: September 30, 2014.

R. Clarke VanDervort
United States Magistrate Judge

13